**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2580
_____

CARLOS ERNESTO AQUINO-RIVAS,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-936-783)
Immigration Judge: Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2011
Before:  Chief Judge MCKEE, SMITH and GARTH, Circuit Judges

(filed: June 20, 2011)
_____

OPINION
_____

PER CURIAM

Carlos Aquino-Rivas ("Aquino") petitions for review of a final order of removal

entered by the Board of Immigration Appeals ("BIA"), which dismissed his appeal of an

immigration judge's ("IJ") denial of his applications for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). For the following reasons, we will deny the petition for review.

Aquino is a native and citizen of El Salvador. He entered the United States without inspection in March 2007, when he was sixteen years old. He was issued a notice to appear, charging him as being removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (entering the country without being admitted or paroled). He conceded removability and filed an application for asylum, withholding of removal, and relief under the CAT.

At a hearing before the IJ, Aquino testified that he feared returning to El Salvador because of the Mara Salvatrucha-13, a gang with a large presence in the country. He said that gang members tried to recruit him on several occasions. When Aquino refused, the gang members called him derogatory names. Once, when Aquino was walking to school with a friend, gang members asked the friend for money. When the friend refused to give money, the gang members beat him. Aquino also testified that the gang members shot one of his cousins, and that a local fishmonger was shot to death on Aquino's doorstep. Aquino did not witness the shootings. Although he said that gang members repeatedly asked him to join and, on some occasions, asked for money, he admitted that the most they actually did to him was call him names.

Through counsel, Aquino attempted to argue that if he were to return to El Salvador, he would face persecution for several reasons. First, he claimed that he belongs to a social group consisting of El Salvadorian teenage boys who refuse to join

gangs. Second, he argued that he has become an active member in a Pentecostal church since moving to the United States. His faith compels him to refrain from joining the gang. Third, he argued that his disdain for gangs constitutes a political opinion. He claimed that if he were to return to El Salvador, he would continue to refuse to join the gang for these reasons, and he fears that the gang members will persecute him as a result.

The IJ found Aquino's testimony to be credible, but denied relief. The IJ concluded that the gang members' requests for money did not amount to persecution. The IJ also rejected Aquino's argument that he was the member of a social group consisting of El Salvadorian teenage boys who refuse to join gangs. In addition, the IJ found that, notwithstanding the arguments raised by counsel, there were no religious or political components to Aquino's asylum application. Finally, the IJ found that Aquino presented no evidence that he had been or would be tortured.

The BIA dismissed Aquino's appeal. It agreed with the IJ's conclusion that the gang members' requests for money did not constitute past persecution, and that Aquino's social-group argument was foreclosed by Matter of S-E-G-, 24 I. & N. Dec. 579, 583 (BIA 2008), a case in which the BIA rejected a similar argument raised by an El Salvadorian teenager. The BIA also found that there was no connection between Aquino's joining an American church and his refusal to join a gang in El Salvador. Aquino filed a petition for review.

We have jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(1). Because the BIA "invoke[d] specific aspects of the IJ's analysis and fact-finding in

3

support of [its] conclusions," we review both the IJ and the BIA's decisions. See Voci v. Gonzales, 409 F.3d 607, 613 (3d Cir. 2005). We review the BIA's conclusions regarding claims of past persecution and well-founded fears of future persecution under "the deferential substantial evidence standard." Chavarria v. Gonzales, 446 F.3d 508, 515 (3d Cir. 2006).

To establish eligibility for asylum, an applicant must show past persecution or a well-founded fear of future persecution, by the government or forces that the government is unable or unwilling to control, on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42); Kibinda v. Attorney Gen. of the United States, 477 F.3d 113, 119 (3d Cir. 2007). "Persecution includes threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom," Wong v. Attorney Gen. of the United States, 539 F.3d 225, 232 (3d Cir. 2008) (internal quotation and citation omitted), but it does not "encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional," Fatin v. I.N.S., 12 F.3d 1233, 1240 (3d Cir. 1993).

Aquino argues that he established both past persecution and a well-founded fear of future persecution. First, he argues that the gang members' requests for money, their repeated entreaties to join the gang, the beating of his friend, and the shooting of his cousin and the fishmonger, taken cumulatively, amount to past persecution. We find substantial evidence supports the BIA's conclusion that these events were not extreme enough to satisfy the standard for persecution. See Wong, 539 F.3d at 232; Lie v.

4

Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005). Aquino was not threatened or personally harmed by the gang members, and there is no indication that the requests for money constituted severe economic restrictions.

Aquino also argues that he has a well-founded fear of future persecution because of his membership in a "particular social group," namely, El Salvadorian teenage boys who refuse to join gangs. "[A] particular social group refers to 'a group of persons all of whom share a common, immutable characteristic.'" Fatin, 12 F.3d at 1239, quoting Matter of Acosta, 19 I. & N. Dec. 211, 233 (BIA 1985). In addition, a "particular social group" can consist of "those who possess a characteristic that is capable of being changed but is of such fundamental importance that individuals should not be required to modify it, e.g., religion." Escobar v. Gonzales, 417 F.3d 363, 367 (3d Cir. 2005).

The BIA has previously rejected Aquino's argument. In Matter of S-E-G-, the BIA held that "the proposed group [. . .] of young Salvadorans who have been subject to recruitment efforts by criminal gangs, but who have refused to join for personal, religious, or moral reasons" did not constitute a particular social group. 24 I. & N. Dec. at 588. The BIA concluded that gang-related violence presents a risk in El Salvador, but that that risk affected all segments of the population, and not just young men who resist recruitment. Id. At 587-88. Here, the record reflects the same conclusion. See A.R. at 268. Thus, we are persuaded by the BIA's conclusion that Aquino's proposed social group is simply too diffuse and without the common, immutable characteristics necessary to qualify as a "particular social group."

5

In addition, Aquino did not establish that he was persecuted on account of a political or religious belief. First, simple resistance to gang recruitment efforts is insufficient to establish persecution on account of political opinion. <u>See</u> <u>Lukwago v. Ashcroft</u>, 329 F.3d 157, 173 (3d Cir. 2003). Second, Aquino presented no evidence to establish that he was targeted by the gang on account of his religious beliefs.

Because Aquino's asylum claim fails, so too does his withholding-of-removal claim, which requires a higher showing. <u>Ghebrehiwot v. Attorney Gen. of the United States</u>, 467 F.3d 344, 351 (3d Cir. 2006). Finally, substantial evidence supports the BIA's conclusion that Aquino did not establish that he has been or is in danger of being tortured and thus eligible for relief under the CAT.

Accordingly, we will deny the petition for review.